## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

MARY ANN FALLS, Individually and \
as administrator of the Estate of Marion \
Forrest Falls, Deceased.

    Plaintiff

VS.                                  NO: 3:06CV00010   SWW

MEDTRONIC CORPORATION,

    Defendant

## ORDER

Plaintiff Mary Ann Falls, individually and as the administrator of her late husband's estate, commenced this lawsuit against Medtronic Corporation based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Before the Court is Medtronic's motion to dismiss (docket entry #7), Falls' response (docket entry #9),[1] and Medtronic's reply (docket entry #11). After careful consideration, and for the reasons stated below, the motion to dismiss will be denied.

Falls' husband, Marion Forrest Falls, died on January 27, 2005. Falls commenced this

---

[1] Medtronic asserts that Falls' response is untimely and should not be considered by the Court. Medtronic filed its motion to dismiss on April 28, 2006, making Falls response due by May 12, 2006. *See* Federal Rule of Civil Procedure 6. Falls timely filed her response on May 11, 2006.

lawsuit on January 26, 2006, claiming that Medtronic manufactured a defective defibrillator, which was surgically implanted in her husband. Falls alleges that the defibrillator caused her husband to experience sudden, sever electric shocks that caused him intense pain and constant anxiety before his death. Falls seeks damages under theories of strict liability, negligence, breach of warranty and fraud.

Medtronic moves for dismissal on the ground that Falls failed to obtain an order, pursuant to Ark. Code Ann. § 16-62-105, reviving the action within one year from the date of her husband's death. The Arkansas revivor statute operates to "revive" an action when one party to a pending lawsuit dies. *See Deaver v. Faucon Properties, Inc.*, 2006 WL 555190 (Ark. App. March 8, 2006)(explaining that the purpose of the Arkansas revivor statute is to remediate the harshness of the common law rule abating actions upon the death of either party to a lawsuit). Falls commenced this action after her husband's death, and there is no allegation that Marion Forrest Falls ever commenced a lawsuit against Medtronic on the same cause of action before he died.[2] Accordingly, the Arkansas revivor statute has no application in this case.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (docket entry #7) is DENIED.

---

[2]Medtronic cites *Wooley v. Planter's Cotton Oil Mill, Inc.*, 2005 WL 1283683 (Ark. App. June 1, 2005) for the proposition that Arkansas' revivor statute applies "to all existing *causes of action* at the time of the decedent's death which might later be brought in a survival action by the decedent's personal representative." Docket entry #11, at 3 (emphasis added).

Unlike the present situation, in *Wooley* the decedent was a party to a personal injury lawsuit brought by his wife on his behalf before he died. After the decedent/plaintiff's death, his wife neglected to file a motion for revivor, and she amended the complaint to add a wrongful death claim. The Arkansas Court of Appeals held that the wrongful death claim was derivative of the original tort, and because the underlying "tort action" had not been preserved by revivor, the wrongful death action was barred as well.

IT IS SO ORDERED THIS 18TH DAY OF MAY, 2006.

                                                /s/Susan Webber Wright

                                                UNITED STATES DISTRICT JUDGE